## IN THE STATE COURT OF MUSCOGEE COUNTY

## STATE OF GEORGIA

|  |  |
|---|---|
| **JAMES OWENS, as Administrator of the** **ESTATE OF DONALD BRAZELL,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| **vs.** | CIVIL ACTION FILE NO. _SC 13CV948_ ) ) |
| **GENESIS HEALTHCARE, LLC,** ~~**SUN HEALTHCARE GROUP, INC.,**~~ **SUNBRIDGE HEALTHCARE, LLC,** **JOHN DOES 1 THROUGH 10,** **AND UNIDENTIFIED ENTITIES 1 THROUGH 10** **(as to Fountain City Care and Rehabilitation Center)** | ) ) ) ) ) ) ) |
| **Defendants.** | ) ) ) ) |

GEORGIA, MUSCOGEE COUNTY
CLERK'S OFFICE, STATE COURT
FILED IN OFFICE

DEC 1 9 2013

AT 1:15 DB
DEPUTY CLERK STATE COURT

### COMPLAINT FOR DAMAGES

COMES NOW Plaintiffs, James Owens, as Administrator of the Estate of Donald Brazell, and files this Complaint for Damages against the Defendants, Genesis Healthcare, LLC, Sun Healthcare Group, Inc., Sunbridge Healthcare, LLC, and alleges as follows:

### Preliminary, Venue, and Jurisdiction Allegations

1) Plaintiffs, James Owens is the duly appointed Administrator of the Estate of Donald Brazell, having been so appointed on April 22, 2013. A copy of the Letters of Administration are attached hereto as Exhibit "A", and Plaintiff brings the survival actions in that capacity.

2) Separate Defendant Genesis Healthcare, LLC is a Delaware corporation with its principal place of business at 101 East State Street, Kennett Square, PA 19348.

The agent for service for Genesis Healthcare, LLC is Corporation Service Company, 209 West Washington Street, Charleston, WV 25302.  Genesis Healthcare, LLC was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirmed, mentally impaired, and/or in need of nursing care and treatment at Fountain City Care and Rehabilitation Center.

3) Separate Defendant Sun Healthcare Group, Inc. is a Delaware corporation with its principal place of business at 101 Sun Ave. NE, Albuquerque, New Mexico 87109. The agent for service for Sun Healthcare Group, Inc. is CSC of Lea County, Inc., 1819 N. Turner Street, Suite G, Hobbs, New Mexico, 88240.  Sun Healthcare Group, Inc. was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirmed, mentally impaired, and/or in need of nursing care and treatment at Fountain City Care and Rehabilitation Center.

4) Separate Defendant Sunbridge Healthcare, LLC is a New Mexico corporation with its principal place of business at 101 Sun Ave. NE, Albuquerque, New Mexico 87109. The agent for service for Sunbridge Healthcare, LLC is Corporation Service Company, 40 Technology Parkway South, Suite #300, Norcross, Georgia 30092. Sunbridge Healthcare, LLC was, and remains, a corporation engaged in the custodial care of elderly, helpless individuals who are chronically infirmed, mentally impaired, and/or in need of nursing care and treatment at Fountain City Care and Rehabilitation Center.

5) Defendants, Genesis Healthcare, LLC, Sun Healthcare Group, Inc., Sunbridge Healthcare, LLC, are subject to the venue and jurisdiction of this Honorable Court, and are, for purposes of this action, considered to be joint tortfeasors for purposes of

venue.

a) At all times material hereto, Defendants, Genesis Healthcare, LLC, Sun Healthcare Group, Inc., Sunbridge Healthcare, LLC were engaged in the business of owning, operating, and/or managing the nursing home facility known as Fountain City Care and Rehabilitation Center, and were responsible to the residents of its facility, including Donald Brazell, for the provision of his custodial care and treatment, and the provision of nursing home services, including, but not limited to, the provisions of residents' rights.

b) The duties Defendants, Genesis Healthcare, LLC, Sun Healthcare Group, Inc., Sunbridge Healthcare, LLC owed to Donald Brazell while he was a resident at their facility included the duty to provide him with that degree of care, skill, and diligence usually exhibited by nursing homes generally in the community, and the duties set forth in *Bill of Rights for Residents of Long-Term Care Facilities* as set forth in O.C.G.A. §§ 31-8-104 through 31-8-121.

c) Pursuant to O.C.G.A. § 9-11-9.1(a), to the extent that statute may even apply to this action, attached hereto and incorporated herein as Exhibit "B", is the Affidavit of Charlotte Sheppard, RN, who is qualified as an expert witness on the issues raised in this Complaint. The Affidavit specifies at least one negligent act or omission on the part of Defendants, Genesis Healthcare, LLC, Sun Healthcare Group, Inc., Sunbridge Healthcare, LLC, and/or their staff, and the factual basis for such negligent act or omission that caused injury to Donald Brazell. The Affidavit is not inclusive of each act, error, or omission that has been committed, or may have been committed by the Defendants and Plaintiff reserves the right to

contend and prove additional acts, errors, and omissions on the part of Defendants that reflect a departure from the requisite standard of care required by law.

6) Whenever the term "Defendants" is utilized within this suit, such term collectively refers to and includes all named Defendants in this lawsuit.

7) Whenever the term "Nursing Home Defendants" is utilized within this suit, such term collectively refers to and includes Genesis Healthcare, LLC, Sun Healthcare Group, Inc., Sunbridge Healthcare, LLC.

8) Whenever the term "Administrator Defendant" is utilized within this suit, such term refers to the facility administrator.

9) Separate Defendant Genesis Healthcare, LLC, Sun Healthcare Group, Inc., Sunbridge Healthcare, LLC own, operate, manage, and/or control nursing homes throughout Georgia including, but not limited to, Muscogee County. All corporate Defendants have regular and continuous business in Muscogee County. Defendants were, and remain, owners and/or managers of an institution, residence or place which is advertised, offered, maintained or operated for the express or implied purpose of providing accommodations and care, for a period of more than twenty-four hours, for four or more persons who are ill or otherwise incapacitated and in need of extensive, ongoing nursing care due to physical or mental impairment or which provides services for the rehabilitation of persons who are convalescing from illness or incapacitation in Muscogee County.

10) Jurisdiction of this Court is proper in the Muscogee County Circuit Court in that the amount in controversy, exclusive of interest and costs, far exceeds the minimum

jurisdictional limits of this Court.

## FACTUAL SUMMARY

11) On or about May 7, 2012, Donald Brazell at the age of 61 was admitted to Fountain City Care and Rehabilitation Center, and he remained a resident of the nursing home until on or about July 11, 2012.

12) Defendants were well aware of Donald Brazell's medical condition and the care that he required when they represented that they could adequately care for his needs. Defendants made affirmative representations to the family that the appropriate level of care would be provided when the Defendants knew, because of budgetary restrictions on staffing and supplies, that residents, including Donald Brazell, would not get the necessary care.

13) Defendants held themselves out as being:

a) Skilled in the performance of nursing, rehabilitative and other medical support services;

b) Properly staffed, supervised, and equipped to meet the total needs of its nursing home residents;

c) Providing around the clock skilled nursing care;

d) Able to specifically meet the total nursing home, medical, and physical therapy needs of Donald Brazell and other residents like him; and,

e) Licensed and complying on a continual basis with all rules, regulations, and standards established for nursing homes, nursing home licensees and nursing home administrators.

14) Defendants failed to discharge their obligations of care to Donald Brazell. As a consequence thereof, Donald Brazell suffered catastrophic injuries, disfigurement, extreme pain, suffering, and mental anguish. The scope and severity of the recurrent wrongs inflicted upon Donald Brazell while under the care of the facility

accelerated the deterioration of his health and physical condition beyond that caused by the normal aging process and resulted in physical and emotional trauma which includes, but is not limited to:

    (a) Pressure Sores;

    (b) Dehydration;

    (c) Malnutrition;

    (d) Infections; and

    (e) Contractures.

15) All of the above identified injuries, as well as the conduct specified below, caused Donald Brazell to lose his personal dignity and extreme and unnecessary pain, degradation, anguish, otherwise unnecessary hospitalizations, disfigurement, and emotional trauma.

16) The wrongs complained of herein were of a continuing nature, and occurred throughout Donald Brazell's residency at Defendants' facility.

17) Defendants were aware of the systemic staffing problems at Fountain City Care and Rehabilitation Center throughout the residency of Donald Brazell via Summary Labor Reports which were available at all levels of Defendants' corporate structure, these staffing failures directly impacted the care to the residents, including Donald Brazell.

18) Defendants were aware of the systemic problems within Fountain City Care and Rehabilitation Center relating to resident care, specifically including: falls, pressure sores, weight loss, dehydration, contractures, use of psychotropic medications, and restraints.  These care based indicators were specifically selected after extensive research as indicators of the quality of care being provided to the residents including Donald Brazell.  These quality indicators were monitored and available to the

Defendants via monthly if not weekly reports.

19) Defendants' upper level management conducted regular meetings for its different areas of operations including Georgia. These meetings kept all Defendants informed of the systemic problems at Fountain City Care and Rehabilitation Center and the other facilities in Georgia.

20) Plaintiff alleges that on all of the occasions complained of herein, Donald Brazell was under the care, supervision, and treatment of the agents and/or employees of Defendants and that the injuries complained of herein were proximately caused by the acts and omissions of Defendants named herein.

21) Defendants had vicarious liability for the acts and omissions of all persons or entities under Defendants' control, either directly or indirectly, including its employees, agents, consultants, and independent contractors, whether in-house or outside entities, individuals, agencies, or pools causing or contributing to the injuries of Donald Brazell.

22) The Defendants are directly liable for the acts and/or omissions contained herein due to the direct control, ownership, and/or management of the operations of Fountain City Care and Rehabilitation Center. This exertion of control, ownership, and/or management by the Defendants created a dangerous environment, for all residents, including Donald Brazell.

23) The Defendants were aware of the dangerous environment that was created by their methods of management and/or control at all their facilities, including Fountain City Care and Rehabilitation Center and the harm caused to the residents, including Donald Brazell.

24) This methodology of management and/or control was set out in the Corporate Plan created and/or implemented executives of the Nursing Home Defendants.

25) Defendants have joint and several liability for the actions complained of herein because they consciously and deliberately pursued a common plan or design to commit the tortious acts described in this Complaint and these Defendants actively took part in such actions.

## COUNT ONE: CORPORATE NEGLIGENCE AGAINST NURSING HOME DEFENDANTS; JOHN DOES 1 THROUGH 10 AND UNIDENTIFIED ENTITIES 1 THROUGH 10 (For Non-lethal Injuries)

26) Plaintiff re-alleges and incorporates all of the allegations in the Complaint as if set forth herein.

27) Nursing Home Defendants owed a duty to residents, including Donald Brazell, to act in a manner consistent with the proper operation of the nursing homes they controlled, which a reasonably careful person/corporation would provide under similar circumstances.

28) Nursing Home Defendants' employees owed a duty to residents, including Donald Brazell, to exercise reasonable care in providing oversight and management of the nursing homes they owned, operated, managed, and/or controlled.

29) Nursing Home Defendants breached this duty by failing to properly manage, operate, and/or control these nursing homes, including Fountain City Care and Rehabilitation Center, in a manner that a reasonably careful person/corporation would have provided under similar circumstances and by failing to properly allocate resources, provide appropriate policies and procedures, take appropriate corrective action when operational problems are brought to their attention, intentionally

concealing the severity and existence of these failures from affected residents, intentionally concealing the severity and existence of these failures from the State and Federal Government.

30) The negligence of the Nursing Home Defendants, their employees, agents and consultants, includes, but is not limited to, one or more of the following acts and omissions:

a) Staffing

i) Nursing home residents, including Donald Brazell, often are unable to care for themselves; thus, they rely on nursing home staff to provide many, if not all, of their activities of daily living (ADL's). Nursing facilities have a common law duty, as well as a statutory duty, to have sufficient nursing staff to provide for the needs of their residents.

ii) The Corporate Defendants are responsible and required to provide sufficient resources to hire and maintain sufficient staff to ensure that these residents' needs are met.

iii) Additionally, when the Corporate Defendants fail to provide sufficient resources to hire and maintain sufficient staff, the staff who are present are unable to meet the total needs of the residents through no fault of their own.

iv) When the Corporate Defendants fail to provide sufficient resources to hire and maintain sufficient staff, those who are present must take shortcuts with respect to all aspects of their job and are unable to do their job.

v) Rather than hiring and maintaining sufficient staff, Separate Defendants hired too few registered nurses, too few LPNs, and too few certified nursing assistants. More importantly, too many of these staff members skipped work or terminated their employment because they did not have enough co-workers to properly care for the residents who depended upon them, or because of deplorable working conditions, or because the pay set by these Corporate Defendants was too low, or such other reasons as will be proven at trial of this matter.

b) Corporate Defendants failed to implement adequate guidelines, policies and procedures for:

i) Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at Fountain City Care and Rehabilitation Center by

the Georgia Office of Health Facility Licensure and Certification or any state or federal survey agency;

ii) Determining the cause of any such deficiencies, violations or penalties; and

iii) Correcting deficiencies or licensure violations or penalties found to exist at Fountain City Care and Rehabilitation Center;

iv) Notifying residents affected by and those potentially affected by deficiencies cited by any state or federal survey agency.

c) Adopting adequate guidelines, policies, and procedures for determining whether Fountain City Care and Rehabilitation Center had sufficient numbers of nursing personnel to:

i) Provide 24-hour compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations;

ii) To correct and address any and all failures to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

d) Corporate Defendants failed to adopt adequate guidelines, policies, and procedures of Fountain City Care and Rehabilitation Center for documenting; maintaining files; investigating and responding to any complaint regarding compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations by employees at Fountain City Care and Rehabilitation Center regardless of whether such complaint derived from a state survey agency, a resident of the facility, an employee of the facility or any interested person.  This failure resulted in injury, abuse and neglect to residents of the facility, including Donald Brazell.

e) Budgeting or Allocation of Resources

i) Corporate Defendants were responsible for providing accurate information regarding the monetary needs of the facility so that a workable budget could be set.

ii) Corporate Defendants were required to administer Fountain City Care and Rehabilitation Center in a manner that enabled it to use resources effectively and efficiently to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

iii) Corporate Defendants were responsible for allocating funds within the budget in a manner that ensured that compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

iv) Corporate Defendants failed to properly allocate the budgetary needs of the facility and to properly allocate the funds budgeted to the facility for compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations, resulting in the following:

   (1) Staffing levels that were insufficient to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations for each residents, including Donald Brazell, and

   (2) Supplies and food were insufficient to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations for each resident, including Donald Brazell.

v) Upon information and belief, Plaintiff alleges that rather than properly allocating the budgeted funds, Corporate Defendants inappropriately allocated or allowed funds to be paid to management companies that did not assist or even participate in managing the care provided to the residents. Rather, Corporate Defendants only enhanced the profits of the home, allocated funds to employees whose only duties were non-patient oriented and to items and services that were unnecessary to achieve the proper goal of compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

vi) The failure to adequately budget and allocate resources to the facility directly caused damages to Donald Brazell.

f) Corporate Compliance and Reporting

   i) Corporate Defendants were responsible for ensuring that the facility complied with state and federal standards as to the residents of the home. To that end, they were required to file various reports with regulatory entities.

   ii) Corporate Defendants were charged with the responsibility of reporting instances of noncompliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations that occurred at the facility. Upon information and belief, Plaintiff alleges that their failure to properly and timely do so resulted in additional injuries to residents, including Donald Brazell.

   iii) Upon information and belief, Plaintiff alleges that Corporate Defendants failed to properly recognize and report instances of non-compliance occurring at Fountain City Care and Rehabilitation Center, and further failed to correct those instances. These failures to report resulted in the appearance of a facility that was properly managed and maintained. This false and misleading appearance induced the family of Donald Brazell to place him in the facility and misled them as to the facility's compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations. Further,

upon information and belief, Plaintiff alleges that because certain problems were not reported or were under-reported, the facility escaped inspections and investigations by regulatory agencies and even in-house reviews that might have corrected the deficiencies. These deficiencies that the facility experienced created a more dangerous environment in which additional injuries could occur to residents, including Donald Brazell.

iv) Corporate Defendants were responsible for ensuring that no claims for reimbursement were submitted to the federal or state governments for services that were not provided or services provided that did not comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations. Upon information and belief, Corporate Defendants submitted inaccurate claims as a result of the various staffing issues listed above, resulting in unjust enrichment to the facility.

v) The failure to adequately comply with and report violations of state and federal standards directly caused harm to Donald Brazell.

31) A reasonably careful Corporation, operating under similar circumstances, would foresee that the failure to provide the appropriate oversight, management, direction, and/or control would result in poorly operated nursing homes such as Fountain City Care and Rehabilitation Center and devastating injuries to residents including Donald Brazell.

32) As a direct and proximate result of the negligence of Nursing Home Defendants as set out above, Donald Brazell suffered injuries, including pressure sores, dehydration, malnutrition, infection, contractures, and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright all of which required hospitalization and medical treatment, and required Donald Brazell to incur significant hospital and medical expenses.

33) WHEREFORE, based on such conduct of Nursing Home Defendants as set forth above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Nursing Home Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of

enjoyment of life, humiliation, disfigurement, and fright in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

### COUNT TWO: NEGLIGENCE CLAIM
### AGAINST ADMINISTRATOR DEFENDANTS,
### AND JOHN DOES 1 THROUGH 10

34) Plaintiff re-alleges and incorporates all of the allegations in the Complaint as if set forth herein.

35) Upon information and belief, Administrator Defendants, John Does 1 through 10, were the administrators of Fountain City Care and Rehabilitation Center during the residency of Donald Brazell. To the extent the names of the licensed administrators who may have managed this facility during the residency of Donald Brazell are determined, all of the following acts are properly attributed to them and Plaintiff will seek leave to substitute these individuals as proper party Defendants.

36) As nursing home administrators, Administrator Defendants owed a common law duty to act as reasonably prudent nursing home administrators and to prevent all reasonably foreseeable injuries to the residents of Fountain City Care and Rehabilitation Center.

37) As nursing home administrators, Administrator Defendants owed a common law duty to remain informed as to events occurring at Fountain City Care and Rehabilitation Center through contact with the various departments that they managed, including, but not limited to, nursing, dietary, therapy, housekeeping, social services, and maintenance. Administrator Defendants were required under law to be aware of matters occurring at the nursing home and to take affirmative steps to correct

problems, particularly when those problems could reasonably cause or contribute to an injury, abuse or neglect to residents of the home.

38) When Administrator Defendants accepted the position of administrator of Fountain City Care and Rehabilitation Center they assumed the duties as set forth in the preceding paragraphs.

39) It is reasonably foreseeable that injuries, abuse and neglect to residents of Fountain City Care and Rehabilitation Center, including Donald Brazell, would occur as a direct result of Administrator Defendants' failures to carry out their duties as administrators of the facility.

40) As nursing home administrators, Administrator Defendants were centrally involved and actively participated in tortious conduct that directly caused or contributed to the injuries of Donald Brazell.   The following areas describe with specificity the wrongdoings of Administrator Defendants that resulted in harm to Donald Brazell:

   a) Staffing

      i)   Nursing home residents, including Donald Brazell, often are unable to care for themselves; thus, they rely on nursing home staff to provide many, if not all, of their activities of daily living (ADL's). Nursing facilities have a common law duty, as well as a statutory duty, to have sufficient nursing staff to provide for the needs of their residents.

      ii)  The administrator is responsible and required to hire and maintain sufficient staff to ensure that these residents' needs are met.  Further, the administrator must establish and maintain proper working relationships with physicians, nurse practitioners, and employees of the facility.

      iii) When the administrator, as here, fails to hire and maintain sufficient staff and fails to maintain proper working relationships between the departments of the facility, the residents do not receive adequate and appropriate care.

      iv)  Additionally, when the administrator fails to hire and maintain sufficient staff, the staff who are present are unable to meet the total needs of the residents through no fault of their own.

v) When the administrator fails to hire and maintain sufficient staff, those who are present must take shortcuts with respect to the care provided and are unable to provide adequate and appropriate care to the residents of the facility.

vi) Rather than hiring and maintaining sufficient staff Separate Defendants hired too few registered nurses, too few LPNs, and too few certified nurse assistants. More importantly, too many of these staff members skipped work or terminated their employment because they did not have enough co-workers to properly care for the residents who depended upon them, or because of deplorable working conditions, or because the pay set by the nursing home with the input of the administrator was too low, or such other reasons as will be proven at trial of this matter.

vii) Separate Defendants failed to develop and maintain proper working relationships between physicians, nurse practitioners and employees of the facility, and between the various departments they managed. Donald Brazell was injured through their failure to manage these individuals and departments in a way that they could fluidly and seamlessly work together.

viii) Due to staff shortages at Fountain City Care and Rehabilitation Center, Donald Brazell's medical records were not kept and maintained in accordance with accepted professional standards and practices. This incomplete documentation resulted in further injuries to Donald Brazell—the facility was unable to properly understand his condition, changes that occurred in his condition, and whether or not his care plan and dietary assessments were properly modified to address changes in his condition.

ix) Separate Defendants owed a non-delegable duty to Donald Brazell and other residents of Fountain City Care and Rehabilitation Center, during their tenure as administrators, to ensure adequate and appropriate custodial care and supervision through their control over staffing issues. A reasonably prudent nursing home administrator would have known or should have known that injuries would occur to residents such as Donald Brazell if staffing levels were not maintained within reasonable parameters.

x) With respect to staffing, the failures of Separate Defendants include but are not limited to:

(1) Ensuring that the staff provided Donald Brazell adequate hygiene and sanitary care;

(2) Ensuring that the staff provided Donald Brazell clean bed linens to prevent urine and fecal contact for extended periods of time;

(3) Providing sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides

(nursing personnel) to meet the total needs of Donald Brazell throughout his residency;

(4) Ensuring that Donald Brazell:

    (a)   Received timely and accurate care assessments;

    (b)   Received prescribed treatment, medication and diet; and

    (c)   Was protected from accidental or intentional injuries by the correct use of ordered and reasonable safety measures and proper supervision of staff and other residents;

(5) Keeping Donald Brazell clean and comfortable and to prevent the formation of bedsores, ulcers and lesions on his body;

(6) Providing a safe environment free from preventable abuse and neglect;

(7) Ensuring that Donald Brazell received care, treatment and medication in accordance with physician's orders; and

(8) Ensuring that Donald Brazell was provided with the dignity and respect that all nursing home residents are entitled to receive.

xi) Adequately screen, evaluate and check references, test for competence, and use ordinary care in selecting nursing personnel to work at Fountain City Care and Rehabilitation Center;

xii) Terminating employees at Fountain City Care and Rehabilitation Center that were known (or should have been known) to be careless, incompetent and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated and adopted by the Georgia Division of Health;

xiii) Assigning nursing personnel at Fountain City Care and Rehabilitation Center consistent with their education and experience and based on:

(1) Donald Brazell's medical history and condition, nursing and rehabilitative needs;

(2) The characteristics of the resident population residing in the area of the facility where Donald Brazell was a resident; and

(3) Nursing skills needed to provide care to such resident population.

b) Separate Defendants failed to implement adequate guidelines, policies and procedures for:

    i)   Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at Fountain City Care and Rehabilitation Center by any state or federal survey agency;

    ii)  Determining the cause of any such deficiencies, violations or penalties; and

    iii)  Correcting deficiencies or licensure violations or penalties found to exist at Fountain City Care and Rehabilitation Center.

c)  Adopting adequate guidelines, policies, and procedures for determining whether Fountain City Care and Rehabilitation Center had sufficient numbers of nursing personnel to:

    i)   Provide 24-hour nursing services;

    ii)  Meet the needs of residents who reside at the facility, including Donald Brazell; and

    iii)  Meet the total nursing needs of residents, including their activities of daily living.

d)  Separate Defendants failed to adopt adequate guidelines, policies, and procedures of Fountain City Care and Rehabilitation Center for documenting; maintaining files; investigating and responding to any complaint regarding the quality of resident care or misconduct by employees at Fountain City Care and Rehabilitation Center regardless of whether such complaint derived from a state survey agency, a resident of the facility, an employee of the facility or any interested person. This failure resulted in injury, abuse and neglect to residents of the facility, including Donald Brazell.

e)  Separate Defendants failed to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care at Fountain City Care and Rehabilitation Center.

f)  Separate Defendants failed to ensure that Donald Brazell attained and maintained his highest level of physical, mental and psychosocial well-being, and the breach of other of their non-delegable duties regarding staffing directly caused damages to Donald Brazell.

g)  Budgeting or Allocation of Resources

    i)   As administrators, Separate Defendants were responsible for providing accurate information regarding the monetary needs of the facility to the owners of the nursing home so that a workable budget could be set.

    ii)  As administrators, Separate Defendants were required to administer Fountain City Care and Rehabilitation Center in a manner that enabled it to use

resources effectively and efficiently to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident.

iii) As administrators, Separate Defendants were responsible for allocating funds within the budget provided them by the owners of the nursing home in a manner that ensured that the needs of the residents, including Donald Brazell, were met.

iv) Separate Defendants failed to properly report the budgetary needs of the facility and to properly allocate the funds budgeted to the facility for the proper care of its residents, resulting in the following:

    (1) Staffing levels that were insufficient to attain or maintain the highest practicable physical, mental and psychosocial well-being of each residents, including Donald Brazell, and

    (2) Shortages of supplies and food necessary to attain or maintain the highest practicable physical, mental and psychosocial well-being of each resident, including Donald Brazell.

v) Upon information and belief, Plaintiff alleges that rather than properly allocating the budgeted funds, Separate Defendants inappropriately allocated or allowed funds to be paid to management companies that did not assist or even participate in managing the care provided to the residents. Rather, Separate Defendants only enhanced the profits of the home, allocated funds to employees whose only duties were non-patient oriented and to items and services that were unnecessary to achieve the proper goal of providing adequate and appropriate care to the residents.

vi) The failure to adequately budget and allocate resources to the facility directly caused damages to Donald Brazell.

h) Corporate Compliance and Reporting

i) As administrators of Fountain City Care and Rehabilitation Center, Separate Defendants were responsible for ensuring that the facility complied with state and federal standards in providing care to the residents of the home. To that end, they were required to file various reports with regulatory entities.

ii) As administrators, Separate Defendants were charged with the responsibility of reporting instances of abuse and neglect that occurred at the facility. Upon information and belief, Plaintiff alleges that their failure to properly and timely do so resulted in additional injuries to residents, including Donald Brazell.

iii) Upon information and belief, Plaintiff alleges that Separate Defendants failed to properly recognize and report instances of non-compliance occurring at Fountain City Care and Rehabilitation Center, and further failed to correct

those instances. These failures to report resulted in the appearance of a facility that was properly managed and maintained. This false and misleading appearance induced the family of Donald Brazell to place him in the facility and misled them as to the care she would receive at the facility. Further, upon information and belief, Plaintiff alleges that because certain problems were not reported or were under-reported, the facility escaped inspections and investigations by regulatory agencies and even in-house reviews that might have corrected the deficiencies. These deficiencies that the facility experienced created a more dangerous environment in which additional injuries could occur to residents, including Donald Brazell.

iv) Separate Defendants were responsible for ensuring that no claims for reimbursement were submitted to the federal or state governments for services that were not provided or services provided that failed to meet required standards. Upon information and belief, Separate Defendants submitted inaccurate claims as a result of the various staffing issues listed above, resulting in unjust enrichment to the facility and a breach of Donald Brazell's admissions agreement.

v) The failure to adequately comply with and report violations of state and federal standards directly caused harm to Donald Brazell.

41) A reasonably careful nursing home administrator would have foreseen that the failure to provide the ordinary care listed above would result in devastating injuries to Donald Brazell.

42) As a direct and proximate result of these Administrator Defendants' failure to perform the responsibilities as set forth above, Donald Brazell suffered injuries, including pressure sores, dehydration, malnutrition, infection, contractures, and also suffered extreme pain, suffering, mental anguish, embarrassment, disfigurement, fright, all of which required hospitalization and medical treatment, and all of which required Donald Brazell to incur significant hospital and medical expenses.

43) WHEREFORE, based on such conduct of Administrator Defendants as set out above, Plaintiff asserts a claim for judgment for all compensatory and punitive damages against Administrator Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of

life, humiliation, disfigurement, and fright in an amount to be determined by the jury,

plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT THREE: STATUTORY CAUSE OF ACTION BROUGHT PURSUANT TO THE PROVISION OF THE BILL OF RIGHTS FOR RESIDENTS OF LONG-TERM CARE FACILITIES NURSING HOME DEFENDANTS; JOHN DOES 1 THROUGH 10 AND UNIDENTIFIED ENTITIES 1 THROUGH 10
### (Georgia Code § 31-8-100 et sec)
### (For Non-lethal Injuries)

44) Plaintiff re-alleges and incorporates all of the allegations in the Complaint as if set forth herein.

45) Nursing Home Defendants owed a duty to residents, including Donald Brazell, comply with any right or benefit created or established for the well-being of the resident by the terms of any contract, by any state statute or rule, or by any applicable federal statute or regulation, and shall be liable to the resident for injuries suffered.

46) Nursing Home Defendants' employees owed a duty to residents, including Donald Brazell, to comply with Georgia Code § 31-8-100 et sec, any right or benefit created or established for the well-being of the resident by the terms of any contract, by any state statute or rule, or by any applicable federal statute or regulation.

47) Nursing Home Defendants breached this duty by depriving residents including Donald Brazell of rights and benefits created or established for the well-being of the residents by the terms of applicable contracts, by any state statutes and rules, and by applicable federal statutes and regulations and by failing to prevent the mistreatment, abuse and neglect of Donald Brazell.

48) These breaches were due to the use of improper management styles and systems that where enacted and implemented by the Nursing Home Defendants without

consideration of the impact that such improper management styles and systems would have on the residents including Donald Brazell.

49) Nursing Home Defendants were centrally involved and actively participated in tortious conduct that directly caused and/or contributed to the injuries of Donald Brazell.   The following areas describe with specificity the wrongdoings and/or negligent actions of the Nursing Home Defendants that resulted in harm to Donald Brazell:

a) Staffing

   i) Nursing home residents, including Donald Brazell, often are unable to care for themselves; thus, they rely on nursing home staff to provide many, if not all, of their activities of daily living (ADL's).  Nursing facilities have a common law duty, as well as a statutory duty, to have sufficient nursing staff to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

   ii) The Nursing Home Defendants are responsible and required to hire and maintain sufficient staff to ensure compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations. Further, the Nursing Home Defendants must establish and maintain proper working relationships with physicians, nurse practitioners, and employees of the facility.

   iii) When the Nursing Home Defendants, as here, fail to hire and maintain sufficient staff and fail to maintain proper working relationships between the departments of the facility, the Nursing Home Defendants failed to ensure compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

   iv) Additionally, when the Nursing Home Defendants fail to hire and maintain sufficient staff, the staff who are present are unable to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations through no fault of their own.

   v) When the Nursing Home Defendants fail to hire and maintain sufficient staff, those who are present must take shortcuts with respect to compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations and were unable to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

vi) Rather than hiring and maintaining sufficient staff, Nursing Home Defendants hired too few registered nurses, too few LPNs, and too few certified nurse assistants. More importantly, too many of these staff members skipped work or terminated their employment because they did not have enough co-workers to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations, or because of deplorable working conditions, or because the pay set by the Nursing Home Defendants was too low, or such other reasons as will be proven at trial of this matter.

vii) Nursing Home Defendants failed to develop and maintain proper working relationships between physicians, nurse practitioners and employees of the facility, and between the various departments they managed. Nursing Home Defendants failed to ensure compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations through their failure to manage these individuals and departments in a way that they could fluidly and seamlessly work together.

viii) Due to staff shortages at Fountain City Care and Rehabilitation Center, Donald Brazell's medical records were not kept and maintained in compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

ix) Nursing Home Defendants owed a non-delegable duty to Donald Brazell and other residents of Fountain City Care and Rehabilitation Center, to ensure compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations through their control over staffing issues. A reasonably prudent nursing home operator would have known or should have known that injuries would occur to residents such as Donald Brazell if staffing levels were not maintained within reasonable parameters and comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

x) Ensuring that Donald Brazell was provided with the dignity and respect that all nursing home residents are entitled to receive;

xi) Adequately screen, evaluate and check references, test for competence, and use ordinary care in selecting nursing personnel to work at Fountain City Care and Rehabilitation Center;

xii) Terminating employees at Fountain City Care and Rehabilitation Center that were known (or should have been known) to be careless, incompetent and unwilling to comply with the policy and procedures of the facility and the rules and regulations promulgated and adopted by the State and Federal governments;

b) Nursing Home Defendants failed to implement adequate guidelines, policies and procedures for:

    i)  Investigating the relevant facts, underlying deficiencies, or licensure violations or penalties found to exist at Fountain City Care and Rehabilitation Center by any state or federal survey agency;

    ii)  Determining the cause of any such deficiencies, violations or penalties; and

    iii)  Correcting deficiencies or licensure violations or penalties found to exist at Fountain City Care and Rehabilitation Center.

c)  Adopting adequate guidelines, policies, and procedures for determining whether Fountain City Care and Rehabilitation Center had sufficient numbers of nursing personnel to:

    i)  Provide 24-hour compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations;

    ii)  To correct and address any and all failures to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

d)  Nursing Home Defendants failed to adopt adequate guidelines, policies, and procedures of Fountain City Care and Rehabilitation Center for documenting; maintaining files; investigating and responding to any complaint regarding compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations by employees at Fountain City Care and Rehabilitation Center regardless of whether such complaint derived from a state survey agency, a resident of the facility, an employee of the facility or any interested person. This failure resulted in injury, abuse and neglect to residents of the facility, including Donald Brazell.

e)  Nursing Home Defendants failed to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations at Fountain City Care and Rehabilitation Center.

f)  Nursing Home Defendants failed to ensure that Donald Brazell attained and maintained his highest level of psychosocial well-being, and the breach of other of their non-delegable duties regarding staffing directly caused damages to Donald Brazell.

g)  Budgeting or Allocation of Resources

    i)  Nursing Home Defendants were responsible for providing accurate information regarding the monetary needs of the facility so that a workable budget could be set.

    ii)  Nursing Home Defendants were required to administer Fountain City Care and Rehabilitation Center in a manner that enabled it to use resources

effectively and efficiently to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

iii) Nursing Home Defendants were responsible for allocating funds within the budget in a manner that ensured that compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

iv) Nursing Home Defendants failed to properly report the budgetary needs of the facility and to properly allocate the funds budgeted to the facility for compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations, resulting in the following:

    (1) Staffing levels that were insufficient to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations for each residents, including Donald Brazell, and

    (2) Shortages of supplies and food necessary to comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations for each resident, including Donald Brazell.

v) Upon information and belief, Plaintiff alleges that rather than properly allocating the budgeted funds, Nursing Home Defendants inappropriately allocated or allowed funds to be paid to management companies that did not assist or even participate in managing the care provided to the residents. Rather, Nursing Home Defendants only enhanced the profits of the home, allocated funds to employees whose only duties were non-patient oriented and to items and services that were unnecessary to achieve the proper goal of compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations.

vi) The failure to adequately budget and allocate resources to the facility directly caused damages to Donald Brazell.

h) Corporate Compliance and Reporting

i) Nursing Home Defendants were responsible for ensuring that the facility complied with state and federal standards as to the residents of the home. To that end, they were required to file various reports with regulatory entities.

ii) Nursing Home Defendants were charged with the responsibility of reporting instances of noncompliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations that occurred at the facility. Upon information and belief, Plaintiff alleges that their failure to properly and timely do so resulted in additional injuries to residents, including Donald Brazell.

iii) Upon information and belief, Plaintiff alleges that Defendants failed to properly recognize and report instances of non-compliance occurring at Fountain City Care and Rehabilitation Center, and further failed to correct those instances. These failures to report resulted in the appearance of a facility that was properly managed and maintained. This false and misleading appearance induced the family of Donald Brazell to place him in the facility and misled them as to the facility's compliance with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations. Further, upon information and belief, Plaintiff alleges that because certain problems were not reported or were under-reported, the facility escaped inspections and investigations by regulatory agencies and even in-house reviews that might have corrected the deficiencies. These deficiencies that the facility experienced created a more dangerous environment in which additional injuries could occur to residents, including Donald Brazell.

iv) Nursing Home Defendants were responsible for ensuring that no claims for reimbursement were submitted to the federal or state governments for services that were not provided or services provided that did not comply with all contracts, all state statutes or rules, and/or all applicable federal statutes or regulations. Upon information and belief, Nursing Home Defendants submitted inaccurate claims as a result of the various staffing issues listed above, resulting in unjust enrichment to the facility and a breach of Donald Brazell's admissions agreement.

v) The failure to adequately comply with and report violations of state and federal standards directly caused harm to Donald Brazell.

50) A reasonably careful nursing home, operating under similar circumstances, would foresee that the failure to comply with Georgia Code § 31-8-100 et. sec. would result in devastating injuries to Donald Brazell.

51) As a direct and proximate result of the Nursing Home Defendants' failures as set out above, Donald Brazell suffered injuries, including pressure sores, dehydration, malnutrition, infection, contractures, and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright all of which required hospitalization and medical treatment, and required Donald Brazell to incur significant hospital and medical expenses.

52) WHEREFORE, based on such conduct of Nursing Home Defendants as set forth

above, Plaintiff asserts a claim for judgment for all compensatory damages, punitive damages and injunctive relief against Nursing Home Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, loss of enjoyment of life, humiliation, disfigurement, and fright in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT FOUR: MEDICAL MALPRACTICE
## AGAINST NURSING HOME DEFENDANTS; JOHN DOES 1 THROUGH 10 AND UNIDENTIFIED ENTITIES 1 THROUGH 10
### (For Non-lethal Injuries)

53) Plaintiff re-alleges and incorporates all of the allegations in the Complaint as if set forth herein.

54) Separate Defendants owed a duty to residents, including Donald Brazell, to hire, train, and supervise employees so that such employees delivered care and services to residents in a safe and beneficial manner.

55) Separate Defendants' employees owed a duty to residents, including Donald Brazell, to render care and services as a reasonably prudent and similarly situated nursing home employee would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

56) Separate Defendants owed a duty to assist all residents, including Donald Brazell in attaining and maintaining the highest level of physical, mental, and psychosocial well-being.

57) Defendants failed to meet the standard of care and violated its duty of care to Donald Brazell through mistreatment, abuse and neglect.  The negligence of

Defendants, their employees, and consultants, includes, but is not limited to, one or more of the following acts and omissions:

a)  The failure to properly notify a doctor upon significant changes in Donald Brazell's condition;

b)  The failure to respond to significant signs and symptoms of change in the condition of Donald Brazell;

c)  The failure to adequately and timely assess, monitor and/or treat the development and progression of pressure sores and infection in Donald Brazell;

d)  The failure to properly assess Donald Brazell's reasonable risk of development of pressure sores and infections;

e)  The failure to develop, implement, and update an adequate and appropriate resident care plan to meet the needs of Donald Brazell;

f)  The failure to maintain appropriate records, including obvious failure to monitor and document significant changes in Donald Brazell's condition;

g)  The failure to provide sufficient numbers of qualified personnel, including nurses, licensed practical nurses, certified nurse assistants, and medication aides (hereinafter "nursing personnel") to meet the total needs of Donald Brazell;

h)  The failure to increase the number of nursing personnel to ensure that Donald Brazell:

    i)  received timely and accurate care assessments;

    ii)  received prescribed treatment, medication, and diet;

    iii)  received necessary supervision; and

    iv)  received timely nursing and medical intervention due to a significant change

in condition.

i) The failure to provide nursing personnel sufficient in number to provide proper treatment and assessment to Donald Brazell and other residents in order to protect Donald Brazell's skin integrity and to prevent the formation of pressure sores;

j) The failure to provide nursing personnel sufficient in number to ensure that Donald Brazell attained and maintained his highest level of physical, mental and psychosocial well-being;

k) The failure to provide adequate supervision to the nursing staff so as to ensure that Donald Brazell received adequate and proper nutrition, fluids, therapeutic diet, sanitary care treatments, medications, and skin care to prevent the formation of pressure sores, to prevent infection, and sufficient nursing observation and examination of the responses, symptoms, and progress in the physical condition of Donald Brazell;

l) The failure to adequately assess, evaluate, and supervise nursing personnel so as to ensure the Donald Brazell received appropriate nursing care, in accordance with Defendants' policy and procedures manual, and the statutorily mandated regulations implemented by the State and Federal governments;

m) The failure to provide a nursing staff that was properly staffed, qualified, and trained;

n) The failure to provide and ensure an adequate nursing care plan based on the needs of Donald Brazell;

o) The failure to provide and ensure adequate nursing care plan revisions and modifications as the needs of Donald Brazell changed;

p) The failure to implement and ensure that an adequate nursing care plan for Donald Brazell was followed by nursing personnel;

q) The failure to adopt adequate guidelines, policies, and procedures for documenting, maintaining files, investigating, and responding to any complaint regarding the quantity of resident care, the quality of resident care, or misconduct by employees, irrespective of whether such complaint derived from a state survey agency, a resident of said facility, an employee of the facility or any interested person;

r) The failure to take reasonable steps to prevent, eliminate, and correct deficiencies and problems in resident care;

s) The failure to properly assess Donald Brazell for the risk of development of pressure sores and infection;

t) The failure to provide a proper mattress and bedding for Donald Brazell, protective devices and pressure relief devices;

u) The failure to provide Donald Brazell with adequate and appropriate wound care, including timely dressing changes, so as to prevent the aggravation and deterioration of pressure sores on his body;

v) The failure to provide Donald Brazell with adequate and appropriate care so as to prevent the development, aggravation and progression of infection;

w) The failure to provide Donald Brazell with adequate and appropriate observation and examination so as to timely and adequately intervene to prevent the development, aggravation and progression of infection;

x) The failure to provide Donald Brazell with adequate and appropriate nursing care, treatments and medication for pressure sores after development over the body of Donald Brazell;

y) The failure to provide Donald Brazell with adequate and appropriate nursing care, treatments and medication for infection after the development of infection in the body of Donald Brazell;

z) The failure to provide care, treatment, and medication in accordance with physician's orders;

aa) The failure to provide Donald Brazell with adequate and appropriate assessment for fluid management to prevent dehydration;

bb) The failure to maintain an adequate and appropriate fluid maintenance program;

cc) The failure to ensure that Donald Brazell received adequate assessment of his nutritional needs;

dd) The failure to maintain medical records on Donald Brazell in accordance with accepted professional standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to:

i)   the diagnosis of Donald Brazell;

ii)  the treatment of Donald Brazell; and

iii) the assessment and establishment of appropriate plans of care and treatment.

ee) The failure to adequately and appropriately monitor Donald Brazell and recognize significant changes in his health status; and

ff) The failure to prevent Donald Brazell from developing pneumonia.

58) A reasonably prudent nursing home, operating under the same or similar conditions, would not have failed to provide the care listed in the above complaint. Each of the foregoing acts of negligence on the part of Defendants was a proximate cause of Donald Brazell's injuries. Donald Brazell's injuries were all foreseeable to Defendants.

59) Defendants' conduct in breaching the duties owed to Donald Brazell was negligent, grossly negligent, willful, wanton, malicious and reckless.

60) As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless and malicious conduct, Donald Brazell suffered injuries, including pressure sores, dehydration, malnutrition, infection, contractures, and also suffered extreme pain, suffering, mental anguish, embarrassment, and fright all of which required hospitalization and medical treatment, and required Donald Brazell to incur significant hospital and medical expenses.

61) WHEREFORE, based on such conduct of Defendants as set forth above, Plaintiff asserts a claim for judgment for all compensatory damages and punitive damages against Defendants including, but not limited to, medical expenses, physical pain, suffering, mental anguish, disability, disfigurement, loss of enjoyment of life, humiliation, and fright in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT FIVE: FRAUD AGAINST NURSING HOME DEFENDANTS; JOHN DOES 1 THROUGH 10 AND UNIDENTIFIED ENTITIES 1 THROUGH 10

62) Plaintiff re-alleges and incorporates all of the allegations in the Complaint as if set forth herein.

63) On or about May 4, 2010, Donald Brazell was admitted to Fountain City Care and Rehabilitation Center, a nursing home owned and operated by the Defendants. Based on information and belief during this admission process of Donald Brazell, Nursing Home Defendants made specific representations by and through their agent that would provide Donald Brazell with the care and treatment that she required based on his needs.

64) During the admission process the Nursing Home Defendants made specific representations to Donald Brazell and his family via the admission agreement that is required by law. This admission agreement sets out that the facility will furnish general nursing care, personal assessment, social services, and such other personal services as may be required pursuant to the plan of care prepared by the Resident's physician and the facility. While Plaintiff does not specifically recall by name who explained and went over the admission information it is clear under current rules and regulations that the Defendants where obligated to perform the above referenced acts. Nursing Home Defendants knew or should have known at the time Donald Brazell was admitted that based on past experiences with other residents, communication with current and former employees, State and Federal Surveys, and multiple lawsuits alleging resident neglect that they would not be able to meet the needs of Donald Brazell or provide the level of care required pursuant to the plan of care prepared for Donald Brazell.

65) Additionally, during this admission process which occurred on or about May 7, 2012,

the Nursing Home Defendants were required to provide specific information to Donald Brazell and his family as indicated in the admission agreement.  Said information included upon information and belief included a Resident Handbook and a Resident/Patient Rights which contain additional representations made to Donald Brazell and his family as to the quality and quantity of services that would be provided to Donald Brazell during his residency.

66) Defendants, while claiming and/or implying special knowledge and holding themselves out as being a properly operated nursing home, concealed and misrepresented material facts from/to Donald Brazell and his family.  Nursing Home Defendants specifically misrepresented that they could and would provide twenty four hour a day nursing care and supervision to Donald Brazell, when, in fact, Defendants knew that they would not do so and they were not sufficiently staffed or supplied to do so.

67) The relationship between Nursing Home Defendants and Donald Brazell and his family was one of trust and confidence, and Defendants had a higher duty to affirmatively speak the truth to Donald Brazell and his family because of Donald Brazell's age and infirmities.  Defendants' fraudulent conduct includes, but is not limited to, the conduct described and set forth below.

68) Nursing Home Defendants engaged in intentional fraud by concealing or failing to disclose material facts within Defendants' knowledge, when Defendants knew that Donald Brazell and his family were ignorant of these material facts and did not have an equal opportunity to discover the truth.  Specifically, Nursing Home Defendants misrepresented the material fact that they were willing to, and would, provide the

proper care, treatment, and services to Donald Brazell, when in fact, Defendants knew that they would provide as little care, treatment, and services as possible in order to maximize Defendants' profits at the expense of Donald Brazell.

69) Further, Defendants intended to induce Donald Brazell and his family to take some action:  to wit, to admit and then allow Donald Brazell to remain in Defendants' facility by concealing or failing to disclose the material facts that there was an epidemic of resident harm and injury, as well as a practice of utilizing insufficient numbers of nursing aides who were not qualified to render care or services in accordance with the law. As a proximate cause of the concealment and failure to disclose by Nursing Home Defendants, Donald Brazell and his family suffered injury as described herein.

70) Nursing Home Defendants perpetuated a continued concealment of the truth, throughout the duration of Donald Brazell's residency from May 7, 2012 through his discharge in July 11, 2012, related to the adequacy of the staffing and supplies available at the nursing home from which to provide care to Donald Brazell.  During the time frame of Donald Brazell's residency the Nursing Home Defendants had information available indicating that they were insufficiently staffed and supplied to provide the care needed to Donald Brazell via:

      (a) Summary Labor reports;

      (b) Key Factor reports;

      (c) Quality Indicator reports;

      (d) Trend of Key Items reports;

      (e) Budget Variance reports;

(f)  Resident Census and Conditions of Residents reports;

(g)  State and Federal Surveys;

(h)  Labor Turnover reports;

(i)  800 Hotline complaints;

(j)  Reports from consultants; and

(k)  Lawsuits and Jury awards;

71) Even when these deficiencies where brought to the attention of the Nursing Home Defendants they intentionally decided not to provide this information to Donald Brazell and/or his family.  Nursing Home Defendants planned to bury this information and not make any information available to Donald Brazell, his family, any other resident or their families that would identify the residents including Donald Brazell in this horrific survey.  These Defendants hid material information from residents and their families, including Donald Brazell, which would allow them to make informed decisions about the quality of care being provided to their loved ones including Donald Brazell and his family.

72) The failure to disclose special knowledge of the manner in which the Nursing Home Defendants operated the nursing home was an intentional concealment of the truth by these same Defendants.  This intentional concealment by Nursing Home Defendants was a deliberate nondisclosure designed to prevent Donald Brazell and his family from learning the truth so that she would be admitted to and remain at the facility. *See Home Depot USA, Inc. v. Wabash National Corporation,* 314 Ga. App. 360 (2012).

73) Donald Brazell and his family relied on the Nursing Home Defendants as experts in the area of nursing home care and placed their trust and confidence in these same Defendants. Due to the material misrepresentations and continued concealment of the truth related to the quality and quantity of staffing and supplies Donald Brazell suffered damages.

74) As a consequence and as a proximate cause of the reliance on these misrepresentations, Donald Brazell and his family suffered damages and failed to receive the quality and quantity of care that was paid for.

75) WHEREFORE, based on such conduct of Defendants as set out above, Plaintiffs are entitled to and therefore assert a claim for compensatory and punitive damages in an amount sufficient to punish and deter Defendants and others like them from such conduct in the future.

**Survival Damages**

76) As a direct and proximate result of the violations of, and the failures to provide for Donald Brazell's resident rights by these Defendants as described herein, Donald Brazell has been aggrieved and suffered injuries, physical and mental pain and suffering, disability, physical impairment, disfigurement, inconvenience, and loss of capacity for enjoyment of life. Further, she incurred medical expenses related to his rights being violated.

77) Plaintiff, James Owens, brings this action in his capacity as Power of Attorney of Donald Brazell, to recover damages for the mental, physical and emotional pain and suffering of Donald Brazell, and also to recover those medical expenses that resulted from the deprivations and infringements upon Donald Brazell's resident

rights by these Defendants, all of which such damages resulted from the violations of, and the failures, to provide for Donald Brazell's resident rights by these Defendants.

78) These Defendants, by their failure to provide adequate services, care, and treatment, and their failure to provide for Donald Brazell's rights, showed willful misconduct, malice, wantonness, and entire want of care that constitutes a conscious indifference to the consequences. Therefore, Plaintiff may be entitled to recover, pursuant to O.C.G.A. § 51-12-5.1, an award of punitive damages to punish, penalize and deter these Defendants, and others similarly situated, from repeating such conduct.

79) WHEREFORE, Plaintiff, James Owens, as Power of Attorney of Donald Brazell, demands trial by jury and judgment against Defendants, Genesis Healthcare, LLC, Sun Healthcare Group, Inc., Sunbridge Healthcare, LLC for compensatory and punitive damages in an amount to be determined by a jury, and such costs and attorney's fees as may be appropriate under Georgia law.

## JURY DEMAND

Pursuant to O.C.G.A. §15 –12 –122, Plaintiff demands a full jury panel of 12 to try this case.

RESPECTFULY SUBMITTED, this the 18th day of December, 2013.

James Owens, as Administrator of the Estate of Donald Brazell,

**MCHUGH FULLER LAW GROUP, PLLC**

James B. McHugh, Georgia Bar No. 142538
Michael J. Fuller, Jr., Georgia Bar No. 624415
D. Bryant Chaffin, Georgia Bar No. 926074
97 Elias Whiddon Rd.

Hattiesburg, MS  39402
Telephone:  601-261-2220
Facsimile:   601-261-2481

**Attorneys for Plaintiff**

IN THE PROBATE COURT
COUNTY OF MUSCOGEE
STATE OF GEORGIA

IN RE: ESTATE OF

DONALD BRAZELL,                                    )
                                                   )
                      DECEASED                     )         ESTATE NO. _2013A00058_
                                                   )
                                                   )

LETTERS OF ADMINISTRATION
(Bond, Inventory and Returns Required)

WHEREAS, _Donald Brazell_
died intestate

(Initial one:)

_M_   domiciled in this County;

_____  not domiciled in this State, but owning property in this County;

and this Court granted an order appointing

_James Owens, Jr._
as Administrator(s) of the estate of said decedent, on condition that said Administrator(s) give
bond and security and give oath as required by law; and the said Administrator(s) having
complied with said conditions; the Court hereby grants unto said Administrator(s) full power to
collect the assets of said decedent, and to pay the debts of said estate, so far as such assets will
extend, according to law, and then to pay over the balance, if any, to the legal heirs of said
decedent, and to do and perform all other duties as such Administrator(s), according to the laws
of this State.

IN TESTIMONY WHEREOF, I have hereunto affixed my signature as Judge of the Probate
Court of said County and the seal of this office this _22_ day of _April_ ,
20_13_.

_____
Judge of the Probate Court

NOTE:  The following must be signed if the judge
does not sign the original of this document:

Issued by:

_____
Clerk, Probate Court                    (Seal)

(SEE INSTRUCTIONS ON REVERSE SIDE)

GPCSF 3                    [19]                          Eff. July 2012

STATE OF FLORIDA

COUNTY OF PASCO

### AFFIDAVIT OF CHARLOTTE SHEPPARD, RN-BC, BSN, LHRM, WCC

COMES NOW before me, an officer authorized to administer oaths, CHARLOTTE
SHEPPARD, RN-BC, BSN, LHRM, WCC, who, having been duly sworn, deposes and says:

1.

I am over the age of twenty-one (21) years and am competent to testify as an expert
witness in this action for professional malpractice arising out of the care and treatment rendered
to **DONALD BRAZELL** by **FOUNTAIN CITY CARE AND REHABILITATION
CENTER** from May 7, 2012 through July 11, 2012.

2.

I am a Registered Nurse currently licensed and in good standing in the State of Florida. I
completed the Nursing Program at the Health Institute of Tampa Bay in 1994. In 2000 I received
my AD Nursing from the University of New York / Regents College. In 2001 I received my
Bachelor of Science in Nursing in from the University of Tampa. I am a licensed American
Heart Association CPR Instructor, am Board Certified in Gerontological Nursing, and have been
an Assisted Living Facility Administrator. I am a licensed Health Care Risk Manager and am
Wound Care Certified from the National Alliance of Wound Care. I have been actively
practicing as a nurse since 1994, and have worked continuously in the geriatric healthcare field
since 1994. Attached as Exhibit "A" to this affidavit is an accurate and true copy of my
curriculum vitae giving further information as to my training and experience.

3.

This Affidavit is given pursuant to the provisions of O.C.G.A. § 9-11-9.1, which requires
that at least one negligent act or omission be specified for each named Defendant in order to file
a Complaint with the Court. This Affidavit is not intended to encompass all of the opinions
presently held by me concerning the negligent act(s) or omission(s) of **FOUNTAIN CITY
CARE AND REHABILITATION CENTER** in the care and treatment of **DONALD
BRAZELL** during his residence from May 7, 2012 through July 11, 2012. As discovery
progresses and additional information becomes available, I reserve the right to modify, alter or
form additional opinions.



EXHIBIT
"B"

4.

I am qualified to testify in this case regarding the acceptable standard of conduct of the nursing and support staff employed by **FOUNTAIN CITY CARE AND REHABILITATION CENTER**, whose conduct is identified herein, because at the time the acts or omissions concerning **DONALD BRAZELL** occurred:

(a) I was then, and continue to be, licensed by an appropriate regulatory agency to practice as a licensed Registered Nurse in the State of Florida, where I was practicing at such time; .

(b) I had then, and continue to have, actual professional knowledge and experience in the field of long term care nursing, the area of practice in which the opinions are to be given, as the result of having been regularly engaged in the active practice of Nursing since 1994, and Education within the long term care setting since 2001;

(c) I had then, and continue to have, actual professional knowledge in the field of long term care nursing care, the area of practice in which the opinions are to be given, as the result of having been regularly engaged as a Fundamentals Clinical Instructor and Academic Instructor of Nursing, responsible for the instruction of practical nursing students in the fundamentals of nursing in the clinical setting, specifically, the long-term care setting, as well as academic instruction of nursing students in the practice of nursing for acute care hospitals, long-term care facilities, and other nursing practice settings. Because of my nursing background and training, my knowledge of the rules and regulations which govern Long Term Care facilities throughout the United States, and the State of Georgia, including Spalding County, I know the standards of care required in a Long Term Care setting. I am specifically knowledgeable of the applicable standards of care required for the care and treatment of **DONALD BRAZELL** by **FOUNTAIN CITY CARE AND REHABILITATION CENTER** during his residency, based upon the qualifications as set forth above. **FOUNTAIN CITY CARE AND REHABILITATION CENTER** is a skilled nursing facility and the breaches of care I identify in this affidavit arise from the standards of care I know as a result of my education, training, background and experience as set forth above.

5.

As used within the context of this Affidavit, the term "standard of care" refers to that degree of care, skill and diligence ordinarily employed by members of the health care profession generally under the same or similar conditions and like surrounding circumstances.

6.

This Affidavit is based on my knowledge, education, training and experience as a Registered Nurse, my knowledge and familiarity with the standard of care exercised by health care providers, generally, and those who provide care of a patient in the nursing home setting, as reflected in the medical records of DONALD BRAZELL hereinafter referenced, which I have reviewed; and the factual situations set forth in said records as described in this Affidavit.

7.

In at least three of the five years preceding May 7, 2012, I was a nursing instructor, training nursing students to provide care to adult patients in the nursing home environment and facilities such as the care provided by FOUNTAIN CITY CARE AND REHABILITATION CENTER, with sufficient frequency to be, and I am, knowledgeable in the care of such patients.

8.

To date, I have reviewed the following materials related to DONALD BRAZELL:

- Fountain City Care & Rehab Center       05/07/12 – 05/28/12
- St. Francis Hospital                     05/28/12 – 06/13/12
- Fountain City Care & Rehab Center       06/13/12 – 07/11/12 (DOD)
- Death Certificate

9.

According to my review of the medical records referenced above, DONALD BRAZELL was admitted to FOUNTAIN CITY CARE AND REHABILITATION CENTER May 7, 2012. DONALD BRAZELL suffered from the worsening of pressure sores, dehydration, malnutrition, and infection while in the care and treatment of the Defendants.

The Defendants failed to maintain DONALD BRAZELL'S skin by failing to prevent the worsening of a Stage II pressure ulcer to his coccyx, and allowing it to worsen to become an infected stage III pressure ulcer.

DONALD BRAZELL was allowed to become malnourished based on depleted visceral protein stores and labs on May 28, 2012 of Albumin 1.9.

DONALD BRAZELL was allowed to become dehydrated while in the care and treatment of the Defendants based on the labs of May 28, 2012 of BUN 150, creatinine of 4.2. and Sodium of 173.

DONALD BRAZELL was allowed to develop aspiration pneumonia on May 28, 2012.

By allowing the above issues/incidents to occur the Defendants violated the appropriate standard of care which caused injury to DONALD BRAZELL.

10.

Based upon my review of the medical records referenced herein and upon my education, knowledge, training and experience as a health care provider, as well as my familiarity with the applicable standard of care ordinarily exercised by health care providers generally under the same or similar conditions and like surrounding circumstances, it is my opinion that the nursing staff employed by FOUNTAIN CITY CARE AND REHABILITATION CENTER departed from the standards of care required in the care and treatment provided to DONALD BRAZELL during his residency from May 7, 2012 to July 11, 2012, as required of Long Term Care facilities in Georgia generally, and specifically in Spalding County. Such conduct by the nursing home violates the federal and state regulations applicable to the nursing facility which help establish the standards of care, in particular those set forth in 42 CFR § 483.0 *et seq.* Specifically, the Defendants and nursing staff employed by the Defendants violated the standards of care applicable to them and federal regulations applicable to the facility by:

- Failing to maintain or attain resident's highest quality of life (§483.15 and§483.25);
- Failing to promote care for residents in a manner that maintained or enhanced resident's dignity (§483.15(a));
- Failing to develop a comprehensive care plan (§483.20(k));
- Failing to prevent the worsening of pressure ulcers (§483.25(c));
- Failing to prevent dehydration (§483.25(j));
- Failing to develop a comprehensive care plan (§483.20(k));

- Failing to maintain clinical records which are complete and accurately documented (§483.75);
- Failing to prevent infection (§483.20(d) and (§483.65); and
- Failing to maintain adequate nutrition(§483.25(i)).

11.

In order to properly care for Donald Brazell, **FOUNTAIN CITY CARE AND REHABILITATION CENTER** was required by the applicable standards of care to provide an environment free of accidents; to provide adequate and appropriate care to attain or maintain the resident's highest practicable physical, mental, and psychosocial well-being; to prevent the worsening of pressure ulcers; to prevent the development of aspiration pneumonia; to prevent the development of malnutrition; to prevent the development of dehydration, and to comply with their own plan of care. The standards of care required **FOUNTAIN CITY CARE AND REHABILITATION CENTER** to provide these services in a reasonably prudent manner, and by their acceptance of Donald Brazell as a resident, **FOUNTAIN CITY CARE AND REHABILITATION CENTER** agreed to do so.

12.

It is my opinion that the departures from the standards of care by **FOUNTAIN CITY CARE AND REHABILITATION CENTER** and its agents and employees as described above were the direct and proximate cause of harm and injury to Donald Brazell.

13.

All of the opinions stated in this affidavit are expressed within a reasonable degree of nursing and professional probability, and are based upon my education, background and experience, upon my review of the records listed herein, and upon my knowledge of the standards of care applicable to skilled nursing homes and Long Term Care facilities, such standards being applicable to facilities throughout the country.

FURTHER AFFIANT SAYETH NOT.

_Charlotte Sheppard_ RN

Charlotte Sheppard, RN-BC, BSN, LHRM, WCC

BEFORE ME, the undersigned authority, personally appeared CHARLOTTE SHEPPARD, who is personally known to me or who produced _____ as identification, and who did take an oath, and deposes and says that the foregoing is true and correct in all respects.

SWORN TO AND SUBSCRIBED before me, this 9th day of December, 2013.

_Annette Antinori Hall_

Notary Public

My commission expires: Jan 24, 2015

ANNETTE ANTINORI HALL
MY COMMISSION # EE 053623
EXPIRES: January 24, 2015
Bonded Thru Notary Public Underwriters